UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x   In dex No.: 1:18-cv-03401-ARR-RML
DENNIS ADAMS

      Plain tiff,                             **Amended COMPLAINT**

     v.

                                            **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK,
DETECTIVE CLYDE MOYER Shield No. 4072,
DETECTIVE MATTHEW REICH, JOHN DOES 1-4

      Defendants.
------------------------------------------------------------------x

## NATURE OF ACTION

1. This is an action brought by the plaintiff DENNIS ADAMS to recover damages for the excessive use of force, false arrest, malicious prosecution, unlawful search, unlawful seizure, and failure to intervene in violation of his rights under 42 U.S.C. section 1983, the Fourth, and Fourteenth Amendments to the United States Constitution, as well as Article 1, Section 12 of the New York Constitution.

2. Plaintiff seeks compensatory and punitive damages, attorneys' fees and costs, and such other and further relief as the Court deems fit and proper.

## JURISDICTION AND VENUE

3. This action is brought pursuant to 42 U.S.C. section 1983, the Fourth, and Fourteenth Amendments to the United States Constitution, Article 1 section 12 of the New York Constitution, and Common Law. Jurisdiction is conferred upon this

Court by 28 U.S.C. sections 1331 and 1343.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. section 1391 (b) and (c).

## PARTIES

5. At all times relevant and material to this action, Plaintiff was and is still a citizen of the United States of America.

6. At all times necessary and material to this action, Defendant the City of New York (the "City") was and is still a municipal corporation organized under the laws of The State of New York.

7. At all times necessary and material to this action, DETECTIVE CLYDE MOYER Shield No. 4072 was an employee of the New York City Police Department who was acting under the color of state law and within the ostensible scope of his employment when the unlawful acts described herein giving rise to this action arose.

8. At all times, necessary and material to this action, DETECTIVE MATTHEW REICH, was an employee of the New York City Police Department who was acting under the color of state law and within the ostensible scope of his employment when the unlawful acts described herein giving rise to this action arose.

9. At all times necessary and material to this action, JOHN DOES 1-2 were employees of the New York City Police Department who were acting under the color of state law and within the ostensible scope of their respective employment when the unlawful acts described herein giving rise to this action arose.

## FACTUAL ALLEGATIONS

10. On or about June 17th, 2015, Plaintiff and his two friends, Allen and Rosa were on their way to Staten Island to visit another friend of theirs, Chasity, who was having a house warming party.

11. When they got to Staten Island, Allen, who was driving the car was not able to find the address that Chastity gave him earlier. Plaintiff and Rosa told him to pull over so that they could call Chasity to come and meet them where they were.

12. Allen pulled into a 7-Eleven and called Chasity to get the right address. Upon receiving the address, he headed to Chastity's house using a GPS.

13. Plaintiff and his two friends drove out of 7-Eleven and had gone about a block away when they got pulled over, and about four undercover Police Officers (also called Detectives) came over to their car.

14. Plaintiff's friend Allen asked the Detectives why they were pulling them over, the Detectives told him that he made a turn without using his turn signal which was a fabricated reason because he used the said signal. One of the Detectives asked for his driver's license which was produced.

15. Two of the Detectives headed back to their cars, while the other two, Detective Moyer and Detective Reich stayed back and began to interrogate them. Detective Reich asked what they were doing in Staten Island, and whether they were from New York. They told him that their friend just moved to Staten Island and that they were attending a house warming party.

16. The four Officers got together, talked amongst themselves for a while, and then came back and asked them if they could search the car. Plaintiff and his friends did not consent to the search. Allen told the Detectives that they needed a warrant to search the car, besides that the reason they got pulled over was because the Police Officer said that he did not use his turn signal even though he did.

17. The Officers construed Allen's statement to mean that they were asking for too much, opened the four doors and using excessive force, threw the plaintiff and his friends out like dogs, and seized them by kneeling them down with their hands on their heads.

18. While Plaintiff and his friends were kneeling down with their hands on their heads, Detective Moyer and two other Detectives without any search warrant, probable cause, or reasonable belief that a search of the vehicle was necessary for their protection began to search the car.

19. Detective Moyer and two of his colleagues searched the car without a warrant even though they purportedly stopped Plaintiff and his friends for allegedly not using a turn signal even though Allen did.

20. After Detective Moyer and the two others had searched the car completely, they found nothing in the car. Detective Reich was keeping watch over Plaintiff and his friends, while Detective Moyer and the others carried out the warrantless search. Detective Reich looked on and failed to intervene while the warrantless search was being conducted.

21. Detective Moyer and others searched the car for a long time and found nothing and told Detective Reich that they had searched the car long enough and that

Plaintiff and his friends were good.

22. Having no probable cause and in a bid to come up with something to pin on the occupants to justify the stop and the search, Detective Matthew Reich told the others to watch Plaintiffs and stated that he would take a look. Still without any search warrant, no probable cause, no reasonable belief that a search of the vehicle was necessary for their protection, Detective Reich went to "search" the car and came back within a short while with fabricated evidence of recovering weed. He came back to where Plaintiff and his friends were still kneeling down and asked them who owned the weed that he allegedly found in their car.

23. Detective Reich made this allegation even though three other Detectives had spent a considerable amount of time, much longer than he did, searching the vehicle and found nothing and had declared that no contraband was in the car.

24. Detective Reich demanded that they own up and take responsibility for the weed that he purportedly found in their car. Plaintiff and his friends told him that nobody owned the weed as none of them smoked weed.

25. Detective Moyer and Detective Reich without a reasonable ground to believe that Plaintiff and his friends had committed any crime falsely arrested them for allegedly possessing weed.

26. When Plaintiff was arraigned, he learned for the first time that he and his friends were charged with possession of controlled substance in that Detective Reich "observed six jars containing phencyclidine in a cup holder inside a motor vehicle, to wit, a 2003 Honda Accord, in which all three defendants were sitting".

27. Detective Reich also falsely alleged that he observed Plaintiff and Pena smoking

cigarettes containing the same substance.

28. Upon information and belief, the Defendants used a charge of possession of phencyclidine to justify the arrest of all occupants of the vehicle as they could not justify the arrest of the three occupants of a car based on the alleged possession of a joint especially when they could not allege who possessed it and from what location of the car it was allegedly recovered from.

29. If any phencyclidine or cigarets containing same were ever "recovered" as part of this arrest, it must have been from a stash kept by the individual defendants to use to frame innocent citizens and Plaintiff was not in possession of any controlled substance and was aware that none could have been recovered based on the express statements of three detectives who ransacked the car and spent almost one hour searching for controlled substances and who concluded that there was none recovered but within a couple of minutes, Detective Reich allegedly recovered weed at the scene and at arraignment the weed turned into phencyclidine and cigarets containing same.

30. Detective Moyer made this false arrest while Detective Reich looked on and did nothing to prevent the unlawful arrest and Detective Reich manufactured and fabricated evidence which led to the arrest and Detective Moyer did nothing to stop him as both Officers and the two others were acting in concert and each failed to intervene to stop the unconstitutional violation of Plaintiff's rights.

**31.** Detective Moyer falsely arrested the plaintiff and his friends without a warrant for their arrest and without a reasonable ground to believe that they committed a crime. Detective Moyer searched the car for a long time without finding anything.

Detective Reich's claim of finding weed in the car was a fabrication of evidence to justify their warrantless search and seizure which Detective Moyer was aware of or should have been aware of in light of his own thorough search of the vehicle.

32. Having fabricated the evidence, and unlawfully arrested Plaintiff and his friends, they were charged with, and maliciously prosecuted for criminal possession of a controlled substance in the seventh degree. Plaintiff spent seven days incarcerated as a result of this arrest before he was released.

33. Plaintiff was maliciously prosecuted for this alleged crime as the Detectives intentionally instituted a criminal action against the plaintiff without probable cause. On July 7, 2015, the case was dismissed in favor of the Plaintiff on the grounds that the Detectives did not have a warrant to search their car and that the reason for pulling them over was a traffic violation, as such, no probable cause for their arrest.

## AS FOR THE FIRST CAUSE OF ACTION

34. Plaintiff repeats and re-alleges paragraphs 1 through 33 as if each paragraph is repeated herein verbatim.

35. Defendants in searching Plaintiff and the vehicle in which Plaintiff was a passenger and had a constitutional interest that it should not have been searched without probable cause subjected the plaintiff to illegal search and seizure in violation of his constitutional rights guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure.

36. As a direct and proximate result of Defendants' unlawful act, plaintiff sustained pain, suffering, humiliation, embarrassment, emotional distress and loss of liberty.

## AS FOR THE SECOND CAUSE OF ACTION

37. Plaintiff repeats and re-alleges paragraphs 1 though 36 of this complaint as if each paragraph is repeated herein verbatim.

38. Defendants acting under the color of law, used force in excess of what a reasonable police officer would use in conducting the illegal search and seizure. Defendant Detectives used force in throwing the plaintiff out of the car, having him kneel down with his hands on his head causing him embarrassment, humiliation, emotional distress and injuries. Defendants violated Plaintiff's right under the Fourth Amendment of the United States Constitution to be free from unreasonable seizure as well as 42 U.S.C. section 1983.

39. As a direct and proximate consequence of Defendants' actions, Plaintiff suffered pain, suffering, humiliation, embarrassment, emotional distress and damage to reputation. The acts, conduct, and behavior of the defendants were performed knowingly, intentionally and maliciously, by reason of which Plaintiff is entitled to an award of punitive damages.

## AS FOR THE THIRD CAUSE OF ACTION

40. Plaintiff repeats and re-alleges paragraphs 1 through 39 of the complaint as if each paragraph is repeated herein verbatim.

41. In violation of Plaintiff's right under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure,

Defendants Police Officer Detective Clyde Moyer illegally searched and seized the plaintiff, and unlawfully arrested him while Detective Mathew Reich looked on and failed to intervene. Plaintiff's rights were violated while the said Detective looked on, had the opportunity to intercede and prevent the said violations but failed to do so.

42. As a direct and proximate consequence of Defendants' actions, Plaintiff suffered pain, suffering, humiliation, embarrassment, emotional distress and damage to reputation. The acts, conduct, and behavior of the defendants were performed knowingly, intentionally and maliciously, by reason of which Plaintiff is entitled to an award of punitive damages.

## AS FOR THE FOURTH CAUSE OF ACTION

43. Plaintiff repeats and re-alleges paragraphs 1 through 42 as if each paragraph is repeated herein verbatim.

44. The Defendants acting in concert and each failing to prevent the other and knowing that there was no basis for the charges preferred against Plaintiffs, maliciously prosecuted Plaintiff by charging him with possession of controlled substance, causing Plaintiff to be incarcerated for one week and having to appear in Court before the District Attorney dismissed all the charges against Plaintiff on July 7, 2015.

45. The actions of the Defendants were malicious, intentional and wanton and in knowing abuse of official powers and Plaintiff is entitled to punitive damages against Defendants.

## AS FOR A FIFTH CAUSE OF ACTION

46. Plaintiff repeats and re-alleges paragraphs 1 though 45 as if each paragraph is repeated and re-alleged verbatim herein.

47. Defendants, in violation of the Sixth and 14th Amendments to the United States Constitution, acting in concert with one another and failing to intervened and prevent each other and the other unnamed defendants from doing so, denied Plaintiff his right to a fair trial by fabricating evidence of finding weed in the car in which Plaintiff was a passenger to justify the initial arrest and the weed later metamorphosed into phencyclidine and/or cigarets containing same to justify the arrest of Plaintiff and the others.

48. Charging Plaintiff and others with possession of phencyclidine and/or cigarets containing same caused the judge to set bail which led to Plaintiff spending seven days in jail. Also arresting Plaintiff and charging him with the said crime led to a "police contact" which later caused Plaintiff's re-arrest on a pending charge and prevented him from going into a program that had been promised him and has had several horribly negative multiplier effects on Plaintiff's life with the result that Plaintiff is currently incarcerated in an unrelated charge that would not have led to such incarceration but for the "police contact" manufactured by Defendants.

49. As a result of Defendants denial of Plaintiff the right to a fair trial guaranteed to him by the constitution and laws of the United States, Plaintiff suffered damages, and Defendants are liable to him for both compensatory and punitive damages for their outrageous conduct.

## AS FOR THE SIXTH CAUSE OF ACTION

50. Plaintiff repeats and re-alleges paragraphs 1 through 49 as if each paragraph is repeated and re-alleged verbatim herein.

51. The abuse of power and wanton actions of the individual Defendants were caused by failure of the City of New York, through its Police Department, to properly train, supervise and discipline its errant police officers with the result that employees of the Police Department, especially Officers and Detectives, believe that they are above the law, and that nothing would ever happen to them.

52. The failure to supervise and discipline is further buttressed by the fact that the CCRB and the Police Department almost always justify the actions of police officers when abuse of power is reported to them or conclude that they are not proven by using such high standards to determine misbehavior that it has basically made the oversight roles redundant.

53. The failure to properly train, supervise and discipline is also evidenced by cases where Judges find that stops, arrests and/searches were done without probable cause and where the City of New York had not established any procedure to document and review such stops, arrests, and/or searches, to try to route out officers who may be acting in violation of citizens constitutional rights. This is because judges almost always believe police officers even when they have only offered flimsy reasons for stops, arrests/searches and find that the Police acted properly in such circumstances and evidence of several findings of unconstitutional stops, searches and/or arrests would help police the police and let them know that unconstitutional conduct would not be tolerated.

54. The City has through its practice of promoting officers with more arrests, even when they have had many complaints filed against them with CCRB or other City governmental agencies, and even when they have been named in prior lawsuits for unconstitutional conduct, given its officers and detectives the impression that the end justifies the means - crime fighting and reduction was paramount irrespective of the method used and would lead to better employment prospects.

55. The City has also failed to seriously collate and document and monitor officers accused of planting evidence on citizens with the result that officers have no fear that their actions, even when so brazen and contrary to everything the administration of justice stands for, will merit a second look from the City of New York and its agencies.

56. The search of the vehicle in which Plaintiff was a passenger which led to his arrest which a New York State Supreme Court has found was unconstitutional and similar searches that Officers conduct routinely even when specifically told not to search by citizens was also made possible by the City's failure to establish, publish, and instill in New York City Police Officers the practical meaning of probable cause or reasonable cause for stopping, searching a vehicle and arresting a citizen or charging a citizen with a crime so that officers would not detain, arrest, and/or charge citizens based on their hunches, inklings, or mere suspicion and without reasonable or probable cause as well as by its de-emphasizing the importance of an arrest warrant issued by a Judge or Magistrate, which would act as a buffer between the citizenry and the Police, and encouraging the Police under the aggressive policing policy of crime reduction at all costs to arrest first and ask

questions later.

57. The City of New York is liable to Plaintiff under MONELL for failure to properly train, supervise and discipline its Officers.

**WHEREFORE,** Plaintiff prays the Court for judgement as follows:

**For each of the constitutional and statutory violations herein above complained of**:

i. general and compensatory damages in an amount that would adequately compensate Plaintiff DENNIS ADAMS for the violation of his rights and for all emotional and emotional distress against all Defendants, jointly and severally;

ii. Punitive damages in the amount sufficient to punish the individual Police Defendants and deter others like them from repeating such unlawful conduct against the individual Defendants, jointly and severally.

iii. Attorneys' fees and costs and disbursements of this action- against all Defendants, Jointly and severally and;

iv. Such other relief as the Court deems just and proper.

Dated: Brooklyn, New York
October 15, 2018.

OFODILE & ASSOCIATES
Attorneys for Plaintiff Dennis Adams

By: s/b Anthony C. Ofodile
Anthony C. Ofodile, Esq.
498 Atlantic Avenue
Brooklyn, New York 11217
Tel: 718- 852- 8300
Fax: 718- 852- 7361
ACOfodile@aol.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x         :
DENNIS ADAMS

                                                                      Index No.: 1:18-cv-03401-ARR-RML

              Plaintiff,


              v.


THE CITY OF NEW YORK,
DETECTIVE CLYDE MOYER Shield No. 4072,
DETECTIVE MATTHEW REICH, JOHN DOES 1-4


              Defendants.
-------------------------------------------------------------------x


x-------------------------------------------------------------------------------------------------x

# **AMENDED COMPLAINT**

x-------------------------------------------------------------------------------------------------x

x.................................................................................................................x

OFODILE & ASSOCIATES
Attorneys - At - Law
Attorneys for Plaintiff Dennis Adams
498 Atlantic Avenue
Brooklyn, New York 11217
Phone Number: (718) 852-8300
Facsimile: (718) 852-7361
Email Address: ACOfodile@aol.com